JUDGE LINDSAY
delivered the opinion op the court.
The second section of an act to amend the charter of Bowling Green, approved March 21, 1870, provides “that the mayor and board of councilmen of said town shall have power and authority to erect market-houses, establish markets and market-places, and provide for the government and regulation thereof; to restrain and punish the forestalling of poultry, fruit, or any article brought or being brought to market.”
By certain ordinances, taking effect on the 1st of September, 1873, the mayor and board of councilmen established as a market-place a designated portion of Sumner Street. ■ They fixed the market-hours between dawn and eight o’clock A. M. from the 21st of March till the 10th of October, and between dawn and nine o’clock a.m. the remaining portion of the year, and provided that fresh beef should not be sold in the city in quantities less than by the quarter at any other than the market-place during market-hours, under the penalty of a fine of not less than five nor more than fifty dollars. Upon a warrant for a violation of this regulation appellee was arrested, tried, and acquitted, the police judge holding the ordinance in question to be invalid.
Under a provision of the city charter the city has brought so muck of this judgment as declares said ordinance invalid to this court for revision.
We will not decide as to the rights of the appellee as a member of the firm of W. H. Funt & Co., under and by *66 virtue of the license held by said firm to do business as green-grocers.
The right of appeal direct from the police court to this court exists only in cases in which an ordinance or by-law of the city is declared invalid. We need not therefore undertake to reconcile apparently conflicting ordinances. The only question to which we can properly direct our attention is to the validity of the ordinance establishing the market-place, regulating marketing, and prescribing the penalties for the violation of these regulations. The power of the legislature to delegate to municipal corporations the right to establish markets and regulate the sale and purchase of marketable articles, and to forbid such sales or purchases at other than the market-places during market-hours, seems to us unquestionable.
The right to make such regulations grows out of the general police power of government, and unless they are unreasonable or oppressive it is the duty of the courts to enforce them. The regulations under consideration do not conflict with public policy, and are neither unreasonable nor oppressive. Appellee therefore had no right to disregard them. Nor can he justify his -conduct under a license granted him before the market-place was established. Whatever may have been his rights under his license, like all other citizens he was bound to exercise his right to do business ánd to enjoy his property subject to such reasonable and proper regulations as the city government might adopt for the good of the general public.
For these reasons so much of the judgment of the police court as holds these ordinances invalid is reversed.
This reversal, however, does not affect appellee. We have not looked to the testimony, having no power to disturb the judgment of acquittal. The costs of this appeal must be taxed against appellants.