## EUGENE STEELE v. OLIVE THOMPSON.

*Civil Damage Law—Exemplary damages—Liability.*

Exemplary damages cannot be imposed on a liquor-seller, under the Civil Damage law, if it does not appear that any request or suggestion had been made to him to refuse liquor to the injured person, or that he knew that the latter had any family.

Damages under the Civil Damage law of Michigan cannot be lessened, nor can the liability be apportioned, merely because the injury was due in part to the acts of others than defendant.

In an action under the Civil Damage law, if the jury do not find that defendant's act in supplying liquor was so closely connected with the injury for which the action was brought as to have been effective in causing it, they cannot find for the plaintiff.

Error to Oakland. Submitted Jan. 7. Decided Feb. 11.

TRESPASS ON THE CASE. Defendant brings error.

*Fred P. Watrous* and *Crofoot, Burtt & Crofoot* for plaintiff in error.

*E. J. Bissell* and *F. A. Baker* for defendant in error.

GRAVES, J. The defendant in error brought this action to recover damages under the legislation of 1875 and 1877 to control the disposition of intoxicating drinks in certain cases, and afford remedies for violations of the provisions. Pub. Acts 1875, p. 283, and Pub. Acts 1877, p. 212. The particular matter of complaint was that the plaintiff in error contributed to the loss of Mrs. Thompson's means of support by furnishing her husband with liquor which helped to cause his death. The jury found a verdict for $800 and the defendant alleges error.

It was expressly admitted on the argument that according to the rules of law Mrs. Thompson was entitled, under the evidence adduced to the jury, to recover some amount, but it was contended that the circuit judge allowed the jury to estimate damages on erroneous principles.

The case presents two main grounds for consideration, *first*, the instructions permitted the jury to award exemplary as well as actual damages, and the inference is unavoidable that they found both, and it becomes a question whether the case afforded any foundation for the former; *second*, the circuit judge ruled that, although the catastrophe was helped on through the acts of others in furnishing liquor, still the amount recoverable for actual damages could not be lessened on that account; that there could be no apportionment of the liability among the separate contributors to the injury; and this ruling is questioned.

*First* as to the allowance of more than actual damages. There is much room for contending that the declaration itself restricts recovery to mere compensation for the loss of means of support incurred by Mrs. Thompson, but it is unnecessary to decide whether that is so or not. The tenor of the evidence is sufficient for the purpose of the point made. According to the case, her husband was an habitual drunkard, and on the afternoon in question carried a bottle in his pocket. During the evening he was sitting in Steele's saloon, Steele himself being

absent and a bar-tender being in attendance. A customer came in, and after some time invited Thompson and another person to drink, and the bar-tender waited upon them and all three then went out. This was about ten o'clock in the evening. Thompson immediately drank at two other places. He carried a lantern and was last seen during that evening going towards the mill, and the next morning he was found drowned in the mill pond. The whole particulars do not require statement. There was no evidence of any request or suggestion to Steele to refuse liquor to Thompson, and the case is silent as to whether Steele was aware that Thompson had any wife or family. We think the case is governed by *Kreiter v. Nichols*, 28 Mich., 496; *Gansaly v. Perkins*, 30 Mich., 494, and *Kehrig v. Peters*, 41 Mich., 475, and that no ground was laid for exemplary damages. There was no showing which could be possibly carried further than to authorize a finding of a constructive liability, if any at all.

*Second.* On this part of the case I think the circuit judge did not err. The question is one of construction, and whatever opinion may have been found in other states, of provisions having some resemblance to ours, we must attend to the sense and spirit of our own enactments and judge accordingly. Now the statute we are considering proceeds upon the idea that there has been an injury which the defendant, by some of the means indicated, has contributed to produce, and that he shall be liable for the whole injury and not merely for such portion as a jury, if able to agree upon any scale of apportionment, may assign as his actual share or quota. Such is the view held by the Supreme Court of Ohio of their statute, of which ours is very nearly a copy (*Boyd v. Watt*, 27 Ohio St., 259); and besides being a natural interpretation, and one which accords with the apparent policy of the legislation, it has the merit of relieving the remedy of much complication and embarrassment.

But, before parting with the question, we deem it

proper to add that in cases of this description it is necessary to bear in mind that the act of a defendant may belong to a class of acts which in their nature are capable of taking place so as to contribute to results of the character of that for which this action is brought, whilst in reality and in reference to the transaction in question it stands so much apart from the catastrophe, either in time or in bearing, or is so small in its causative power in the actual circumstances, as to forbid its being regarded as an actionable fault; and it is essential that the jury look at the alleged act of part cause and compare it with the imputed effect, and then say whether, according to reason, observation and experience, it was so connected with the latter and so near it in influence and of such force as to be seen to have operated as an efficient aid in causing the alleged result; and if they are unable on a common-sense construction of the case to find on this affirmatively they cannot return a verdict for the plaintiff. In dealing with the case we carefully abstain from discussing points not urged.

For the error in permitting exemplary damages the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.