### STERLING *v.* CALLAHAN.

Intoxicating Liquors—Sale to Minor—Civil-Damage Law— Evidence—Harmless Error.

In an action under 3 How. Stat. § 2283e3, for the sale of liquor to plaintiff's minor son, any error committed in permitting a witness to testify that he had drunk with the minor at another saloon than the defendant's is cured by an instruction that it is immaterial whether any one else than the defendant gave liquor to the minor, and that the damages to which plaintiff is entitled cannot be lessened by reason of that fact.

Error to Wayne; Frazer, **J.**  Submitted June 12, 1895. Decided July 2, 1895.

Case by Henry C. Sterling against Robert C. Callahan under the civil-damage act.  (See 94 Mich. 536.)  From a judgment for defendant, plaintiff brings error. Affirmed.

*B. T. Prentis*, for appellant.

*Ralph Phelps, Jr. (William B. Jackson*, of counsel), for appellee.

LONG, J. This action was brought to recover damages for the sale of intoxicating liquors to plaintiff's minor son. The case was tried before a jury, who found a verdict in favor of defendant.

One of plaintiff's witnesses was permitted to testify on cross-examination that he had drunk with the minor at a saloon other than the defendant's. It was claimed that this testimony was offered for the purpose of testing the recollection of the witness. Plaintiff's contention is that the testimony was incompetent, under *Theisen* v. *Johns,* 72 Mich. 292, and *Steele* v. *Thompson,* 42 Mich. 594. If it be conceded that the court was in error in permitting this testimony, we think the error was cured by the charge of the court in giving one of plaintiff's requests, which was, substantially, that it was immaterial whether any one else than defendant or his barkeeper gave beer or whisky to plaintiff's minor son; that the damages could not be lessened merely because of any injury caused by the giving or selling of such liquor to plaintiff's son by others than the defendant or his barkeeper. The court also stated to the jury that, if defendant or his barkeeper gave the son beer or whisky, the plaintiff was entitled to recover at least $50, under the statute, and also such other damages as the jury might find the plaintiff entitled to.

Some other questions are raised. We have examined them, and do not deem it necessary to discuss them. The case was very fairly tried, and was submitted to the jury under a charge which was eminently fair to the plaintiff.

The judgment must be affirmed.

The other Justices concurred.