PEOPLE *v.* HOTCHKISS.

1. ORDINANCES—HAWKERS AND PEDDLERS—LICENSE FEE—REASONABLENESS.
   A city ordinance requiring hawkers and peddlers to pay an annual license fee of $5 for peddling on foot or from a stand, of $25 for peddling from a hand-cart or from a conveyance drawn by one horse or other animal, and of $50 where more than one animal is used, the licenses to be issued for one year from June 1st, or such portion of the year as intervenes between the issuance and June 1st ensuing, is not unreasonable.

2. SAME—DISCRIMINATION—RESTRAINT OF TRADE.
   Such an ordinance is not void as discriminatory and in restraint of trade.

3. SAME—UNIFORMITY.
   Such ordinance is uniform, in that it provides for a license by the year or part of the year.

Error to Wayne; Hosmer, J. Submitted June 15, 1898. Decided July 18, 1898.

Charles Hotchkiss was convicted, in the recorder's court of Detroit, of peddling without a license, contrary to the provisions of an ordinance. Upon *certiorari* to the circuit court, the conviction was set aside, and the people bring error. Reversed.

*Charles Flowers,* for appellant.

*E. H. Hinckley, F. Hinckley,* and *E. S. Grece (J. J. Speed,* of counsel), for appellee.

LONG, J. The charter of the city of Detroit provides that "the said council may also license and regulate auctioneers, hawkers, peddlers, newsboys," etc. Charter & Laws for City of Detroit (Ed. 1893), § 139. The ordinances of the city of Detroit provide (Rev. Ord. 1895), by section 1, chap. 105, that "no person shall follow the busi-

ness or occupation of a hawker and peddler within the limits of the city of Detroit without a license from the mayor." By section 2 the mayor is given power to issue licenses. All licenses are to be for one year from June 1st, or such portion of the year as may intervene between the date of the granting of the license and the 1st day of June next ensuing. Section 3, as amended in 1897, provides:

"Any person soliciting a license shall pay therefor as follows: For hawking or peddling while traveling on foot, the sum of five dollars; for peddling from hand-carts, the sum of twenty-five dollars, and stands in the public streets, the sum of five dollars; for peddling from any conveyance with one horse or other animal, the sum of twenty-five dollars; for peddling from any conveyance drawn by two or more horses or other animals, the sum of fifty dollars."

Respondent was convicted in the recorder's court of the city of Detroit for peddling produce without a license, and the case was removed to the Wayne circuit by *certiorari*, where the conviction was set aside. The case comes to this court by writ of error.

It is contended by counsel for respondent:

1. That the ordinance is unreasonable and excessive.
2. That it is in restraint of trade, and discriminates, favoring some and injuring others in the same business.
3. That it changes the amount during the term for which the license is granted, and is not uniform.

The first point is governed by *People* v. *Baker*, 115 Mich. 199, and cases there cited. In that case an ordinance of the city of Ionia provided for a license to hawkers and peddlers of five dollars per week, and it was held not unreasonable.

The second point falls directly within the ruling of this court in *People* v. *Sawyer*, 106 Mich. 428. That case was brought under the same ordinance of the city of Detroit as the present. The question was raised there that the ordinance was in restraint of trade, and the question settled against the contention.

The other questions need not be discussed. The ordinance is uniform, in that it provides for a license by the year or part of the year.

The order of the circuit court setting aside the conviction must be reversed, and the order of the recorder's court affirmed.

The other Justices concurred.