WALTER R. COMBS v. THE TOWNSHIP OF LAKEWOOD.

Argued June 3, 1902—Decided November 10, 1902.

An ordinance of the township of Lakewood, licensing and regulating vehicles used in the business of carrying passengers upon its highways, is sustained.

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the prosecutor, *R. Ten Broeck Stout.*

For the defendant, *Isaac W. Carmichael.*

The opinion of the court was delivered by

GARRISON, J. This is a *certiorari* brought to test the validity of an ordinance of the township of Lakewood licensing and regulating hacks, cabs, stages and vehicles used for carrying passengers for hire and fixing a license fee for the same. The writ is directed to the clerk of the township, instead of to the corporation. This is said to be fatal upon motion to

dismiss. *Young* v. *Crane,* 38 *Vroom* 453. The case has been fully argued, without notice to dismiss until argument, and will be treated on its merits.

The ordinance prescribes that it shall not be lawful to engage in the business of carrying passengers for hire without a license, for which a fee of $2 for each vehicle so employed must be paid. It subjects persons convicted of pursuing such business in violation of the above provision to a fine not exceeding $100, with commitment until paid. Under the same penalty it requires licensed vehicles to stand, for the purpose of soliciting custom, at certain designated points in the highways and not elsewhere therein, and that the number of its license shall be displayed by each vehicle.

The first and third reasons assigned for holding this ordinance invalid are that it is without authority of law. This contention is disposed of, both upon reason and authority, by the following decisions cited in the exhaustive brief of the counsel for the defendant: *Cooley Const. Lim.* 734, 735; *State* v. *Robinson,* 43 *N. W. Rep.* 833; *Jones* v. *Foster,* 43 *N. Y. App. Div.* 33; *North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71; *Brooklyn* v. *Breslin,* 57 *N. Y.* 591; *St. Johnsbury* v. *Thompson,* 9 *Atl. Rep.* 571; *Commonwealth* v. *Stodder,* 2 *Cush.* 562; *Morrill* v. *State,* 38 *Wis.* 428; *Bradley* v. *Rochester,* 7 *N. Y. Supp.* 237; *Bowser* v. *Thompson,* 45 *S. W. Rep.* 73; *People* v. *Hotchkiss,* 76 *N. W. Rep.* 142; *People* v. *Sawyer,* 106 *Mich.* 428; *Munn* v. *Illinois,* 4 *Otto* 113.

The second reason is that the ordinance makes a distinction between the rights of citizens of the same township. No basis of fact is discoverable to which this reason can apply. Instances of an identical or similar exercise of municipal control that have been supported by the courts are taken as follows from the source above indicated: *Tied. Mun. Corp.* 299; *Chicago* v. *Bartee,* 100 *Ill.* 57; *Mobile* v. *Yuille,* 3 *Ala.* 137; *People* v. *Mulholland,* 19 *Hun* 548; *Commonwealth* v. *Stodder,* 2 *Cush.* 562; *Railway Co.* v. *Philadelphia,* 58 *Pa. St.* 119; *St. Louis* v. *Green,* 70 *Mo.* 562; *Bowling Green* v. *Carson,* 10 *Bush* 64; *Winnsboro* v. *Smart,* 11 *Rich.* 551; *Commonwealth* v. *Matthews,* 122 *Mass.* 60; *Commonwealth* v. *Gage,* 114 *Id.*

.328; *St. Paul* v. *Smith,* 27 *Minn.* 364; *Chillicothe* v. *Brown,* 38 *Mo. App.* 609; *Emporia* v. *Shaw,* 6 *Kan. App.* 808; *Montgomery* v. *Parker,* 114 *Ala.* 118; *Colorado Springs* v. *Smith,* 36 *Pac. Rep.* 540; *Long* v. *Jersey City,* 8 *Vroom* 348; *Tomlin* v. *Cape May,* 34 *Id.* 429; *Trenton Horse Railroad Co.* v. *Trenton,* 24 *Id.* 132; *Cape May Railroad Co.* v. *Cape May,* 30 *Id.* 393, 396.

The fourth reason is that the ordinance discriminates between those licensed and not licensed. Every regulation that prescribes duties for those who obey it and penalties for those who do not has this effect.

The last reasons are that trial by jury is denied, and that the penalty is excessive, cruel and unusual. If the doctrine raised by these questions be regarded as not definitively settled, the following decisions put it at rest: *Haynes* v. *Cape May,* 23 *Vroom* 180; *McGear* v. *Woodruff,* 4 *Id.* 213; *Howe* v. *Plainfield,* 8 *Id.* 145.

The ordinance is not shown to be invalid for any of the reasons that have been urged, and is therefore affirmed, with costs.