BOWDEN *v.* VOORHEIS.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE ACT—LIABILITY.
   In an action by a wife against a saloonkeeper to recover damages for selling liquor to her husband, she may, under 2 Comp. Laws, § 5398, upon proof that the sales of defendant contributed to her loss of means of support and to her shame and disgrace, recover of defendant for the entire injury, though sales made by others also contributed to produce it. *Steele* v. *Thompson*, 42 Mich. 594, followed.

2. SAME—DAMAGES—EVIDENCE.

> Where it is plainly inferable from plaintiff's testimony that she has suffered loss of means of support and been subjected to shame and disgrace by reason of such sales of liquor, it is not error to refuse to direct a verdict for defendant on the ground that the testimony is too indefinite and uncertain to justify a verdict for plaintiff.

3. SAME—EXEMPLARY DAMAGES—INSTRUCTIONS.

> Exemplary damages, while allowable under said statute, can only be given to compensate injury to feelings caused by the wanton or reckless acts of defendant; and it is error to permit the jury to award them under an instruction that they are punitory in character, and designed to punish defendant for some positive wrong done to plaintiff.

4. SAME.

> An instruction with reference to actual and exemplary damages, "Of course, you will consider them separately in the jury-room, but when you report your verdict, if you find a verdict for the plaintiff, you will not undertake to divide them, unless requested, but will simply put the two amounts together, if you do find both amounts, and announce one aggregate sum through your foreman,"—merely indicated the court's notion of the manner in which the jury would proceed, and was not erroneous as making it mandatory on them to proceed in that manner.

Error to Oakland; Smith, J. Submitted January 13, 1904. (Docket No. 25.) Decided February 16, 1904.

Case by Ada L. Bowden against Elmer M. Voorheis and others for damages caused by selling intoxicating liquor to plaintiff's husband. From a judgment for plaintiff, defendants bring error. Reversed.

*Lillis & Beardslee* (*Allan P. Cox*, of counsel), for appellants.

*Fred M. Bond* and *E. E. Blakeslee*, for appellee.

CARPENTER, J. Defendant Vooheis is a saloonkeeper in the city of Pontiac. His codefendants are sureties on his bond. Plaintiff brings this suit averring that defend-

ant sold liquor to her husband, and that, as a result, she lost her means of support and suffered shame and disgrace. The issue was submitted to a jury, who rendered a verdict in plaintiff's favor. We are asked to reverse the judgment of the lower court on several grounds, which we will proceed to consider.

1. It is claimed that the court erred in permitting plaintiff to prove frequent intoxications of her husband, without proving that they were occasioned by liquor sold by defendant. We do not think. this complaint well grounded. The testimony shows that plaintiff's husband, during a long period, frequented defendant's saloon and bought liquor there at least once a week. Plaintiff does not claim damages resulting from any particular intoxication of her husband. . It is her claim that the sales of defendant contributed to her loss of means of support, shame, and disgrace. If they did,—and whether they did or not was a question properly submitted to the jury,—defendant was responsible for the whole injury, even though the sales made by others also contributed to produce it. See *Steele* v. *Thompson*, 42 Mich., at page 596 (4 N. W. 536). This decision determined the construction of section 3 of Act No. 193 of the Public Acts of 1877, but it also determined the construction of our present law,—2 Comp. Laws, § 5398,—which contains the same language. Plaintiff had a right, then, to prove a loss of means of support, shame, and disgrace which the liquor sold by defendant and the liquor sold by others contributed to produce. This she could not do, under the facts in this case, without proving intoxications resulting from liquor sold by others than the defendant. It must be conceded that *Jewett* v. *Wanshura*, 43 Iowa, at page 577, is opposed to these views. That case approves this instruction:

"If others sold him [plaintiff's husband] liquors which contributed to produce drunkenness, which led to idleness and squandering of his property, to the injury of plaintiff, each party contributing to the injury is liable for the injury which he alone did." .

We prefer the reasoning of *Steele* v. *Thompson*, which is a precedent binding on this court. In deciding that case it was said:

"The question is one of construction, and, whatever opinion may have been found in other States of provisions having some resemblance to ours, we must attend to the sense and spirit of our own enactments, and judge accordingly."

2. Defendants contend that the court erred in not directing a verdict in their favor, on the ground that the testimony relating to damages was too indefinite and uncertain to justify a verdict for plaintiff. The trial judge properly denied defendants' request. It may be inferred from plaintiff's testimony that the sale of liquor by defendant contributed to make her husband, who had occasionally drank, an habitual drunkard. From this it may be inferred that plaintiff suffered shame and social disgrace. It is clearly to be inferred from her testimony that plaintiff lost in her means of support, though precisely how much is uncertain. Of this we may say, as this court said in a former case:

"She did not show the exact amount that he contributed, and counsel urge that there was no way for the jury to tell how much she received. We think there was sufficient to enable the jury to estimate her damages." *Lafler* v. *Fisher*, 121 Mich., at page 62 (79 N. W. 934).

3. We think this is a case where the jury were warranted in giving exemplary as well as actual damages. The court, however, in charging the jury, said:

" I say to you, gentlemen, that the selling or furnishing of liquors to a person with the knowledge that he is intoxicated at the time, or is in the habit of getting intoxicated, gives to the wife the right of exemplary damages; and I charge you further that the exemplary damages allowed to a wife by the civil-damage act are punitory in their character, and designed to punish the defendant for some positive wrong done to the wife, or for some gross neglect of her rights, in furnishing liquor to her husband at the time alleged in the declaration. The jury must, however,

exercise a sound discretion in determining the amount they will impose. * * * The amount of such exemplary damages cannot be, of course, estimated by witnesses, nor are witnesses allowed to give any amount that they think should be awarded; but this matter of exemplary damages rests entirely in the good judgment of the individual jurors."

Was this error? It is insisted by plaintiff's counsel that, notwithstanding this language, the jury would understand from other portions of the charge that exemplary damages are damages to the feelings of the plaintiff; and it is true that the court had so stated in a former portion of his charge. Notwithstanding that explanation, we cannot escape the conclusion that the jury would understand from the language under consideration that they were at liberty to give damages for the purpose of punishing the defendant, and that the amount of such damages depended upon their sound discretion or good judgment. Nor can we say that the jury in this case did not follow this direction. While some of the earlier decisions of this court sustain the view that exemplary damages under this statute may be given to punish the defendant (see *Larzelere* v. *Kirchgessner*, 73 Mich., at page 283 [41 N. W. 488]; *Peacock* v. *Oaks*, 85 Mich., at page 582 [48 N. W. 1082]), later decisions distinctly repudiate that view, and it is now settled that exemplary damages under this statute, like exemplary damages under the common law in this State, may be given only to compensate injury to feelings caused by the wanton or reckless act of the defendant (see *Ford* v. *Cheever*, 105 Mich., at page 685 [63 N. W. 975]; *Haviland* v. *Chase*, 116 Mich. 214 [74 N. W. 477, 72 Am. St. Rep. 519]; *Boydan* v. *Haberstumpf*, 129 Mich. 138 [88 N. W. 386]). We conclude, therefore, that the charge under consideration constitutes reversible error.

4. The court, at the conclusion of his charge, said:

"Now, gentlemen, I have spoken of actual damages and exemplary damages, but, of course, you will consider them separately in the jury-room; but when you report

your verdict, if you find a verdict for the plaintiff, you will not undertake to divide them, unless requested, but will simply put the two amounts together, if you do find both amounts, and announce one aggregate sum through your foreman. In other words, it will be for you to do the figuring in the jury-room, and only report the one amount."

It is contended that this is a direction to the jury to consider the actual damages and exemplary damages separately, and that the court should not have given such a direction. We think this criticism is based upon an improper construction of the charge. We think the purpose of this instruction was to inform the jury that, if they returned a verdict for the plaintiff, they should not award one amount for actual damages and another amount for exemplary damages, but should give a verdict for a gross amount for the entire damages. The statement of the court, "but, of course, you will consider them separately in the jury-room," indicated his notion of the method of procedure the jury would adopt. It did not make it mandatory upon them to adopt that method, and it was not error for the court to suggest that they should.

We discover no other error in the record, and no other question which demands discussion. For the error pointed out, the judgment will be reversed, and a new trial granted.

The other Justices concurred.