STAGE, Respondent v. DOLL et al, Appellants.

(171 N. W. 325).

(File No. 4476.   Opinion filed March 24, 1919.)

1.  Trial—New Trial, Errors of Law, Insufficient Evidence, As Grounds—Review, Settled Record, Necessity For.

On appeal for review of an order granting a new trial, for errors of law committed on trial, and insufficiency of evidence to support verdict, a settled record is necessary to a review.

2.  New Trial—Settlement of Record For, Notice of Motion Before Record Settled, Effect Re Granting New Trial.

Under Laws 1913, Ch. 173, Sec. 3, providing for an order on stenographer for transcript of testimony within 20 days after entry of judgment on jury trial, or within such further time as

court may by order grant, and Sec. 2, Subd. 2, providing that if motion is to be made on settled record not yet settled or begun, moving party shall have the same time after service of notice of intention, to obtain settled record, as is provided by statute for settlement after entry of judgment, etc., the moving party had until 20 days after entry of judgment in which to order transcript; and where, before expiration of such period, transcript had been delivered and, with specifications of error served on opposing counsel, the fact that service of notice of motion was had before record settled, did not prejudice resisting parties; there being sufficient time between expiration of the 10 days allowed them to propose amendments to record and time fixed in notice for settling record until hearing notice, to have permitted them to have proposed amendments, where judgment was not entered until after order granting new trial.

3. Damages—Sale of Intoxicating Liquors, Wife's Suit for Damages, Undisputed Evidence of Sales While Intoxicated, Sufficiency.

In a suit by wife for damages sustained by reason of defendants' sales of intoxicants to her husband, undisputed evidence that defendant sold such liquors to plaintiff's husband while intoxicated and while he was in the habit of becoming intoxicated and after notification not to sell, was sufficient to support verdict for substantial damages.

4. Evidence—Wife's Suit for Damages Re Sale of Intoxicants— Sales to Husband by Third Parties, Reversible Error—Liability, Whether Apportionable.

In a suit by wife for damages resulting from sales of intoxicants by defendants to her husband, evidence of sales to the husband by others than defendants during the period in question, was inadmissable, and constituted prejudicial error warranting granting of new trial; and while such other sales might constitute liability against parties making them such liability is wholly independent of that of defendants; and the liability in such cases cannot be apportioned merely because the injury was due in part to acts of the other parties.

Appeal from Circuit Court, Day County. Hon. Thomas L. Bouck, Judge.

Action by Clara J. Stage, against Frank O. Doll, Patrick J. McCormick and Western Surety Company, a corporation, to recover damages resulting from sales of intoxicating liquors by defendants to plaintiff's husband. From an order granting to plaintiff a new trial, defendants appeal. Affirmed.

Kirby, Kirby & Kirby and C. C. Bush, for Appellants.

M. C. Lasell, for Respondent.

(2) To point two of the opinion, Appellants cited:

Laws 1911, Ch. 15; and submitted that:

Under Laws 1913, Ch. 173, where notice of intention to move for new trial is served prior to judgment, a party has twenty days in which to order from. stenographer a transcript, and stenographer must furnish the same within twenty days thereafter, unless the Court, *by order duly filed,* grants additional time, when within ten days same must be filed. That this is mandatory.

Respondent submitted that:

The *ten days* applies to the serving upon the adverse party, a comma following the words, *"adverse party,"* and the provision *"and shall file the original transcript and specifications in the office of the clerk of the trial court"* is not limited by time; and the transcript was properly filed within time.

(3) To point three, Appellants cited:

Campbell v. Johnson, 25 S. D. 458.

(4) To point four, Respondent cited:

Dickman v. Thomas, (S. D.) 154 N. W. 811; Strong v. Thompson, et al., (S. D.) 162 N. W. 385; Garrison v. Kennedy, 19 S. D. 11; 101 N. W. 1081.

POLLEY, J. This action was tried on the 26th day of November, 1917, and verdict rendered on the following day, but the judgment was not entered until the 8th day of May, 1918. On the 11th day of December, 1917, plaintiff ordered from the official court stenographer a transcript of the testimony, and on the following day gave notice of intention to move for a new trial. The transcript of the testimony was furnished on the 1st day of April, 1917. Four days thereafter the transcript, together with specifications of error, were served on counsel for defendants, but were not filed with the clerk of courts until the 26th day of the following June. On the day the transcript and specifications were served, plaintiff also served notice of motion for a new trial, and notice that she would ask to have the record settled on the 23d day of April. These motions were not acted upon until the 26th day of June, when the court made an order settling the record, as proposed by the plaintiff, as the settled record in the case. On the 30th day of July an order awarding plaintiff a new trial was entered, and from such order defendants appeal.

The new trial was granted on the ground of errors of law

committed by the trial court during the trial, and the insufficiency of the evidence to support the verdict.

[1] These are matters that can be reviewed by the circuit court or by this court only upon a settled record. But it is the contention of the appellant that the record was not settled within the time provided by law; that the time for settling the same was not extended by an order of court, and, for that reason, the alleged errors, appearing only from said record, were not properly before the trial court for review, and therefore cannot be considered by this court.

[2] The manner of settling the record and the time within which it is to be done are provided by statute as follows:

"When a party desires to have exceptions taken at a trial wherein the proceedings were recorded by an official stenographer, preserved as a part of the record in said cause, he shall, within 20 days after entry of judgment if the action were tried before a jury, * * * direct, by written order, such stenographer to transcribe all of his notes of the testimony, * * * which transcript shall be certified as correct by such stenographer, and furnished such party within 20 days or such further time as the court, by order duly filed, may grant to such stenographer." Section 3, c. 178, Laws 1913.

"If the motion is to be made upon a settled record, and such record has not already been settled as provided by statute, the moving party shall complete the settlement of any record the settlement of which he shall have begun, or if he has not already begun the settlement of such a record, then he shall have the same time after service of the notice of intention to obtain a settled record as is provided by statute for settlement after the entry of judgment, and the record shall be prepared and settled in a similar manner." Subdivision 2, § 2, c. 173, Laws 1913.

Under these provisions of statute plaintiff had until 20 days after the entry of judgment in which to order the transcript. This would have given him until the 28th day of May, but, before that date, the transcript had been delivered and the same, together with specifications of error, had been served on counsel for defendants. The fact that plaintiff served her notice of motion for a new trial before the record had been settled in no wise prejudiced defen-

dants, as there was sufficient time between the expiration of the 10 days allowed defendants to propose amendments to the record and the time fixed in the notice for settling the record and hearing the notice to have permitted them to propose any amendments they may have desired to make.    Had defendants caused the entry of judgment immediately after the return of the verdict, there might have been some merit in their present contention. There was a substantial compliance with the law, and there was no error in settling the record and hearing the motion.

[3] It is next contended that the whole of the evidence fails to show that plaintiff is entitled to recover more than nominal damages.    This contention is untenable.    Plaintiff brought the action for the recovery of damages alleged to have been sustained because of illegal sales of intoxicating liquors to her husband. The undisputed evidence shows that defendants Doll and McCormick sold intoxicating liquors to plaintiff's husband while he was intoxicated and while he was in the habit of becoming intoxicated and after plaintiff had notified them not to sell such liquors to her husband.    This evidence was sufficient to support a verdict for substantial damages.

[4] At the trial defendants were permitted to prove, over plaintiff's objection, that during the period of time within which plaintiff alleges her husband was furnished with intoxicating liquors by said defendants he also procured similar liquors from other parties.    The admission of this evidence is assigned as error, and it was because of the admission of this evidence that the trial court granted the new trial.    The admission of this evidence was prejudicial to the rights of plaintiff, and the new trial was properly granted on that ground.    It is wholly immaterial to defendants whether other parties sold intoxicating liquors to plaintiff's husband or not.    Such sales, if made, might constitute a liability against the parties making them, but they would be wholly independent of defendant's liability.    Such is the rule already announced by this and other courts.    Dickmann v. Thomas, 36 S. D. 283, 154 N. W. 811; Kennedy v. Garrigan, 23 S. D. 265, 121 N. W. 783, 21 Ann. Cas. 392.    The liability in such cases cannot be apportioned merely because the injury was due in part to the acts of others than the defendants.    Theisen v. Johns, 72

Mich. 285, 40 N. W. 727; Steele v. Thompon, 42 Mich. 596, 4 N. W. 536.

There was no error in granting thenew trial, and the order appealed from is affirmed.