## MARTHA JOHNSON v. JULIUS SCHULTZ.

*Liquor traffic—Civil damage act—Action by wife for injury to means of support—Damages—Evidence.*

1. In a suit by a wife to recover damages to her means of support by the sale of intoxicating liquors to her husband, testimony as to the number of her children is inadmissible. *Larzelere v. Kirchgessner*, 73 Mich. 276.

2. The loss of the companionship of a sober man, and the shame and disgrace of having a drunken husband, cannot be considered by the jury in a suit by a wife for damage to her means of support by the sale of intoxicating liquors to her husband, as an element of her *actual* damages, where such conditions existed long prior to and at the time of the alleged sales, and the testimony fails to show that the wife has suffered any

mortification or mental anguish on account of any intoxication caused or produced by the sale of liquor to her husband by the defendant, or any other person.

3. In such a case it is not error for the circuit judge to read to the jury the statute prohibiting the sale of liquor to an intoxicated person or to an habitual drunkard, it being a ground for exemplary damages.

4. Knowledge on the part of a liquor dealer that a drunkard to whom he sells liquor has a wife is as much evidence of a wanton and willful injury to her as if she had actually forbidden such sale.

Error to Manistee. (Judkins, J.) Argued January 31, 1889. Decided February 8, 1889.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*P. T. Glassmire* (*F. E. Withey,* of counsel), for appellant.

*Ramsdell & Benedict,* for plaintiff.

CHAMPLIN, J. This is an action brought by the plaintiff to recover damages to her means of support by the selling of intoxicating liquors to her husband by the defendant.

On the trial the plaintiff, when testifying in her own behalf, was permitted, against objection, to state how many children she had, the court stating that he admitted the testimony as bearing on the question of punitory or exemplary damages. The jury in their verdict returned that they found actual damages in her favor of $100, and exemplary damages of $500. The testimony should have been excluded. The point is ruled by the decision in the case of *Larzelere v. Kirchgessner,* 73 Mich. 276, and needs no further discussion.

The plaintiff's testimony showed that she had been married to her husband over fifteen years, and she had had

a pretty hard life of it all those years by reason of his intoxication; that he had become much worse during the last year, and had become an habitual drunkard; that he was a good man when sober, and was a good man to provide for his family when he had money, but he spent the most of it for liquor; that the effect of his drinking was to make him ugly and disagreeable in the house, scolding and jawing, so nobody could stay there very well; that she and the children had to stay, but sometimes they would clear out. She testified that she had kept boarders for over two years to support herself and family.

The husband also testified in behalf of his wife, and testified that he drank liquor or beer before he was married, but had never got drunk, and that he frequently got drunk after he removed from Racine to Manistee, seven years before the trial; that he was arrested for being drunk six years before the trial; that he had become an habitual drunkard more than two years before such trial.

It also appeared that the plaintiff had employed counsel with a view of obtaining a divorce from her husband, and had verified a bill drawn for divorce on December 3, A. D. 1886, in which she charged that her husband was an habitual drunkard, and during the last two years he had been drunk two-thirds of the time, and during the same period he had been arrested and imprisoned on the charge of being drunk and disorderly; that he worked very little, and spent, not only what little he earned for liquor, but, whenever he could, he collected board money from the boarders, and spent it for liquor; and, when he became drunk, he abused her, and also abused the boarders, driving them from the house, thereby depriving her of the only means of support of herself and children. The suit for divorce was not commenced, however, for lack of means.

Upon the foregoing facts appearing in this record, I do not think the circuit judge was justified in charging the jury that, in considering the elements of actual damages, they could consider—

"Any mental anguish and loss of companionship, and things of that kind, to her that she might have suffered by reason of the condition of the man,—the mortification and shame attending a transaction of that kind."

The declaration laid the sales which were a cause of grievance to plaintiff between May 2 and September 9, 1887. The loss of companionship of a sober man, and the shame and disgrace of having a drunken husband, were injuries suffered by her long prior to the sales complained of, and, for aught that appears, were caused by other persons than defendant. But, further than this, she does not testify, and there is no testimony in the case, that she suffered any mortification or mental anguish on account of any intoxication caused or produced by the sale of liquor to her husband by defendant, or by any other person.

Complaint is made by defendant's counsel that the circuit judge read the statute to the jury prohibiting the sale of liquor to an intoxicated person or to an habitual drunkard. There was no error in this. It was admissible as a ground for exemplary damages. The law forbade the sale to such a person absolutely, and, if the defendant knew that the drunkard had a wife, it was as much evidence of a wanton and willful injury to her as if she had personally forbidden the sale of liquor to her husband.

The declaration filed in the case was upon the bond given by the defendant, Schultz, under the act. It is unfortunate, perhaps, that the suit was discontinued as against the sureties. Under this statute, it is not required that a judgment shall first be obtained against the prin-

cipal before resort can be had to an action upon the bond. *Anthony v. Krey,* 70 Mich. 629 (38 N. W. Rep. 603).

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.