SOPHRONIA ROUSE v. ELIZABETH MELSHEIMER ET AL.

*Liquor traffic—Civil damage act—Exemplary damages.*

1. As a husband cannot continue an habitual drunkard unless liquor is furnished to him by some one, a liquor dealer who furnishes such liquor or any part thereof for gain is holden to the wife, under Act No. 313, Laws of 1887, for the money or property he receives from the husband in exchange for such liquor.

2. It was held in *Larzelere v. Kirchgessner*, 73 Mich. 276, that the statute expressly allows exemplary damages to a wife who is injured in her means of support by the sale of liquor to her husband, and that the fact that she had notified the defendant not to furnish such liquor was an element to be considered in estimating such damages, as it had a tendency to show a willful disregard of her rights. Act No. 313, Laws of 1887; *Johnson v. Schultz*, 74 Mich. 75.

Error to Berrien. (O'Hara, J.) Submitted on briefs June 25, 1890. Decided August 1, 1890.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*C. B. Potter,* for appellant.

*Lawrence C. Fyfe,* for defendants.

[The points of counsel are stated and discussed in the opinion.—REPORTER.]

MORSE, J. Elizabeth Melsheimer was the keeper of a saloon at the village of St. Joseph, in Berrien county, in January, 1889, and the other defendants were her bondsmen.

The plaintiff brought suit against the defendants for damages for injuries to her person, property, and means of support by the sale of liquor to her husband, Charles Rouse. The circuit judge directed a verdict for the defendants. This ruling was made upon the ground that the plaintiff's own proofs showed that her husband had been an habitual drunkard for 10 years, and during that time had contributed nothing to the support of the plaintiff, and that, therefore, there was no evidence tending to show that the plaintiff had been injured by the sale of liquor by defendant to her husband; that the defendant in such case must be proceeded against under the criminal statute, which forbids and punishes the sale of liquor to an habitual drunkard.

In this ruling we are satisfied that the circuit judge was in error.

The testimony showed that the husband earned money by labor as a watch tinker, and spent it all for liquor, besides squandering in the same way part of the earnings of the plaintiff. It was further shown that the

defendant Melsheimer had, previous to selling liquor to the husband, been notified not to do so, yet he was thereafter frequently in defendant's saloon drinking, and in the habit of sending his boy, 13 years old, after beer to defendant's place. The boy thus sent was furnished beer at defendant's saloon, which the father drank at home. The husband, before coming to St. Joseph, had been a painter and paper-hanger, but since living there had seemingly had no particular business. His wife testified that "he would tinker watches, and do a little work here and there, and save until he would get $5 or $6, and then go to the saloon." His son also testified that many of the saloon-keepers in the village would not let him have any liquor.

We think the plaintiff clearly showed that she was injured in her means of support. Her husband was capable of earning money, and did earn money which was given for drink. Liquor is not, as a general thing, obtained for nothing. It takes money to buy it. The appetite of plaintiff's husband could only be gratified by money with which to purchase liquor. It is shown that it was gratified by his earnings in part, and also by her earnings. She showed that when she gave him money to buy anything with "he would get half of what I wanted, and take the rest, and go there and drink with it." Thus she was also injured in her property.

It must be presumed as a natural and legitimate assumption that the earnings of plaintiff's husband, if not spent for drink, would go towards the support of his wife and family. If this is not the legal presumption, then there can be no recovery for injury to the wife's means of support in any case. The money that the husband spends at the saloon-keeper's bar has never been the property of the wife, or devoted to her support. The recovery for damages can only be based upon the assumption that it

would have been used for her support if it had not been dissipated in drink.

It may be said that, in a case where a man has been in the habit of supporting his wife soon or immediately before he spends his earnings for liquor, the presumption above stated might apply as a natural conclusion, when it would not apply in a case like the present one, where the husband was a miserable drunkard of 10 years' standing, and, as such drunkard, entirely worthless to his wife and family.

We do not, however, see the force of such reasoning. The law does not presume that a drunkard cannot reform, for the world is full of instances of such reformation; and the law does presume that the husband who is sober and works will devote at least a portion of his earnings to the support of his family. No doubt the damage to the wife's means of support would not be as apparent in the sale of liquor to a husband, who, by reason of habitual drunkenness, has failed for years to contribute to her support, as it would be in the case of one lapsing at once from a state of sobriety into drunkenness; but when the only reason shown why the husband has not, and does not, contribute anything to the wife's support, is that he spends what he earns for drink, then we think the wife is entitled at the very least to the amount of his earnings so spent for liquor, if such liquor has a tendency to keep and does keep him in a state of habitual drunkenness. And it must be also remembered that men do not usually drop all at once from soberness and industry into drunkenness and worthlessness. The downfall is gradual; and to hold that because one year the husband spent one-third of his earnings for liquor, and the next half, the wife, suing in the latter year, must deduct from her damages for that year what he squandered for liquor the year before, would not only be unjust but

nonsensical. But to this must we go if we follow the reasoning of the defendants' counsel.

We think the better proposition to be that, as the husband could not continue an habitual drunkard unless liquor was furnished to him by some one, the person thus furnishing the liquor or any part thereof for gain is holden to the wife, under the statute, for what money or property he receives from the husband in exchange for such liquor. To hold otherwise would permit the liquor seller to prevent the reformation of an habitual drunkard, and at the same time to escape all responsibility to the wife and family for continuing and hastening the husband along the downward path to ruin and death. The criminal prosecution alone is not adequate punishment, and certainly there can be no hardship in returning to the wife and family the money thus diverted from their support, and also obtained by a violation of the criminal laws of the State.

The plaintiff was also entitled to exemplary damages. It was held in *Larzelere v. Kirchgessner*, 73 Mich. 276 (41 N. W. Rep. 488), that the statute expressly allows such damages, and that the fact that notice had been given not to furnish liquor to the husband was an element to be considered in estimating such damages, as it had a tendency to show a willful disregard of plaintiff's rights. See, also, Laws of 1887, Act No. 313, § 20; *Johnson v. Schultz*, 74 Mich. 75 (41 N. W. Rep. 865).

The judgment of the court below must be reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.