WILLIAM JONES v. CHARLES H. WISNER, CIRCUIT JUDGE OF SHIAWASSEE COUNTY.

*Security for costs—Constitutional law—Suit for labor.*

1. As a rule, security for costs is not required in cases commenced by ordinary process, where it appears that the plaintiff has a meritorious cause of action, and is unable to give the security asked for.

2. 3 How. Stat. § 7717e, which provides that, "in any suit brought to recover for the personal work and labor of the plaintiff, security for costs shall not be ordered in case the plaintiff shall make and file with the court an affidavit that he has a good and meritorious cause of action, and is unable to procure security for costs," is not unconstitutional, as discriminating in favor of one class of persons at the expense of another.

*Mandamus.* Submitted April 16, 1895. Denied July 2, 1895.

Relator applied for *mandamus* to compel respondent to vacate an order refusing to order security for costs. The facts are stated in the opinion.

*Walter McBride* and *Watson & Chapman,* for relator.

McGrath, C. J. Respondent based his refusal to order security for costs upon 3 How. Stat. § 7717e, and relator asks to have the order vacated, and the circuit judge directed to proceed to the consideration of the motion upon its merits. It is insisted that the section is unconstitutional, under *Wilder v. Railway Co.*, 70 Mich. 382; *Schut v. Railway Co.*, 70 Id. 433; *Lafferty v. Railway Co.*, 71 Id. 35; and *Grand Rapids Chair Co. v. Runnels*, 77 Id. 111. The first three of these cases were under Act No. 234, Laws of 1885, and the last case was under the log lien act (No. 229, Laws of 1887).

Those cases are distinguishable from this. There the statute undertook to give to one of the litigants, in case of success, an attorney fee, to which his adversary was not entitled in case he succeeded. In those cases a burden was imposed upon one of the parties to the litigation which was not imposed upon the other. In the present case, plaintiff claims the benefit of an exemption which is granted because of the nature of the claim. Our statutes do not require security for costs to be given in all cases. In certain cases security must be given, and in others the court may, in its discretion, direct security to be given. As a rule, it is not required in cases commenced by the ordinary process, where it appears that plaintiff has a meritorious cause of action, and is unable to give the security. Our statutes contain many provisions discriminating in favor of claims for labor. Mechanics are given liens upon personal property in certain cases; miners' claims for labor are made a lien upon the real and personal property of the corporation; logs, timber, poles, etc., are subject to lien for labor performed upon them; stockholders in corporations are made personally liable for labor performed for the corporation; the amount due to a householder having a family, for personal labor, is protected from garnishment process; and, under the voluntary assignment act, claims of servants, clerks, and laborers for personal services are preferred. All discrimination is not necessarily unlawful.

Mr. Cooley, in his work on Constitutional Limitations (6th ed.), at page 479, says:

"Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application. They may embrace many subjects, or one, and they may extend to all citizens, or be confined to particular classes, as minors or married women, bankers or traders, and the like. The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state, and all its citizens, or, on the other hand, to a subdivision of the state, or a single class of its citizens, only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the state, may require or make acceptable different police regulations from those demanded in another, or call for different taxation, and a different application of the public moneys. The legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases and through different agencies, and prescribe peculiar restrictions upon taxation in each distinct municipality, provided the state constitution does not forbid. These discriminations are made constantly, and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. The legislature may also deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens. The business of common carriers, for instance, or of bankers, may require special statutory regulations for the general benefit; and it may be a matter of public policy to give laborers in one business a specific lien for their wages, when it would be impracticable or impolitic to do the same for persons engaged in some other employments. If the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply, and they are then public in character, and of their propriety and policy the legislature must judge."

The statute in the present case exempts all cases in which claims for labor are involved, when, from the affidavit filed, it appears that the cause of action is meritorious, and the claimant is unable to give the security.

The discrimination in favor of that class of persons must be held not to be unreasonable.

The writ must therefore be denied.

The other Justices concurred.