SOLOMON STERN AND MOSES STERN v. ROBERT E. FRAZER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Garnishment—Venue.*

1. It was held in *Newland v. Circuit Judge*, 85 Mich. 151, that, when both plaintiff and principal defendant are non-residents of this State, suit may be maintained under How. Stat. § 8087, in this State, and the credits of the defendant subjected to the jurisdiction of its courts in the county where a debtor of the principal defendant resides.

2. The garnishment proceedings in such cases must be had in

a county where the principal defendant has property or credits subject to garnishment.

8. The fact that the writ of garnishment was in the first instance issued against a resident of such a county, and afterwards discontinued, will not give the court jurisdiction over a resident of another county, who was joined as a garnishee defendant.

*Mandamus.* Submitted April 30, 1895. Denied July 2, 1895.

Relators applied for *mandamus* to compel respondent to set aside an order quashing certain garnishment proceedings. The facts are stated in the opinion.

*Sloman, Groesbeck & Robinson,* for relators.

MONTGOMERY, J. This is an application to require the respondent to set aside an order quashing certain garnishee proceedings pending in the Wayne circuit court, in which the relators, who reside in the state of New York, are the plaintiffs, and Moritz Block, who also resides in the state of New York, is principal defendant, and William McCartney and Hale McCartney, of Ionia, in this State, are garnishee defendants. The principal suit was commenced on the 13th of November, 1894. There was no personal service upon the principal defendant, and no property of the principal defendant was subjected to process by attachment, nor was any credit of defendant, owing by a resident of Wayne county, subjected to process in garnishment. Among the persons named as garnishee was Levi Weiner, of Wayne county; but, before the disclosure filed by the McCartneys, the proceeding against Levi Weiner was voluntarily dismissed by the plaintiffs.

It was held in *Newland v. Circuit Judge,* 85 Mich. 151, that, where both plaintiff and principal defendant are non-residents of the State, suit may be maintained in this State, and the credits of the defendant subjected to the jurisdiction of the courts of this State

in the county where a debtor of the principal defendant resides. The question in this case is, in what county should such a proceeding be instituted? The proceeding in attachment in such cases must be had in the county where property of defendant may be found subject to attachment. How. Stat. § 7986. Either the garnishee statute must be construed in analogy with this statute, or it must be held that the creditor may, at his option, plant his case in any court in the State, and proceed against a garnishee defendant residing in any other county. For instance, suit may be instituted in Wayne county, and a writ of garnishment issue against a resident of Houghton county. Such a result is so clearly oppressive that we should hesitate to so construe the statute, unless it imperatively demands that construction, and we do not think it does. Nor do we think that the fact that a writ of garnishment was in the first instance issued against a resident of Wayne county, and afterwards discontinued, gives the court jurisdiction. It is true, section 8095 contemplates the issue of the writ to different counties; but this is only when there is jurisdiction of the original suit in the county where the suit is planted, obtained either by personal service of process, or attachment of property or credits within that county.

The writ will be denied, with costs.

The other Justices concurred.