## MANZER v. PHILLIPS.

1. INTOXICATING LIQUORS — CIVIL-DAMAGE ACT — ACTIONS — EVIDENCE — CURE OF ERROR.

In an action under the civil-damage act, error in the admission of testimony as to the amount spent by plaintiff's husband in defendant's saloon is cured by subsequently charging the jury that no recovery can be had for such money.

2. SAME — ACTION BY WIFE — CHILDREN.

Cross-examination of plaintiff as to her husband's earnings and business does not entitle plaintiff to show that she has children who contribute to the earnings of the family.

3. SAME — AGGRAVATION OF DAMAGES.

It is not competent to show an aggravation of injuries to plaintiff's feelings by showing the presence of her children when she was informed of her husband's debauch.

4. SAME — EVIDENCE — PLAINTIFF'S CHILDREN.

The admission, though indirectly, of testimony that plaintiff had children, was reversible error.

5. SAME — EVIDENCE — FINANCIAL CIRCUMSTANCES.

Evidence of the property and financial condition of plaintiff's husband is admissible as showing plaintiff's means of support.

6. SAME — DAMAGES — INSTRUCTIONS.

Where plaintiff's testimony showed that her husband provided for her as well after the debauch complained of as formerly, and that the only real difference that the loss of the money spent on the debauch made was that plaintiff would have that much less money if her husband should die before her, the court should have charged that plaintiff had failed to show any injury to her person, property, or means of support, and could not recover for those items.

7. SAME—WANTON SALE—EXEMPLARY DAMAGES.

Where liquor was sold to a person known to be intoxicated, the jury may find'that such sale was wanton, and may award exemplary damages, although the saloon keeper did not know the person had a wife and could not anticipate the particular injury suffered by reason of the sale complained of.

Error to Shiawassee; Smith, J. Submitted January 5, 1905. (Docket No. 16.) Decided February 4, 1905.

Case by Mary Manzer against Anna Phillips and others under the civil-damage act. There was judgment for plaintiff, and defendant brings error. Reversed.

*John T. McCurdy*, for appellants.

*Albert L. Chandler*, for appellee.

BLAIR, J. This is an action under the civil-damage act, brought by Mary Manzer against Anna Phillips, a saloon keeper, and Austin Phillips and George Setzer, her bondsmen. It is the contention of plaintiff, and there was evidence tending to prove, that on the 4th day of August, 1903, her husband, then being a person in the habit of getting intoxicated, visited the saloon of defendant Anna Phillips, and while there became so intoxicated as to be unconscious for several hours upon liquors sold him by said defendant or her servants, during which period of time he either lost or had taken from him the sum of $110. Plaintiff seeks to recover in this action damages under the statute on account of injuries sustained by reason of the unlawful sales to her husband. Plaintiff recovered judgment, and defendants appeal.

The first assignment of error relates to the admission of testimony as to the amount of money spent by Manzer at Phillips' saloon between the 4th day of May and the 4th day of August, 1903. Any error that may have been committed in admitting this testimony was cured by the action of the court in subsequently charging the jury that no recovery could be had for such money.

Error is also assigned upon the ruling of the court in admitting evidence that Mrs. Manzer had two children. As to this action of the court, the record is as follows:

"*Q.* Were your children present when the neighbors came in and were relating what had taken place—they were relating what had taken place?

"*A.* Yes, sir.

"*Mr. McCurdy:* I object to that as incompetent, inadmissible, and an improper method of getting in inadmissible testimony. I move to strike out the answer. The question itself is improper.

"*The Court:* I will strike out the answer if you want to strike out the answer. That is as far as I will go, if you want it stricken out.

"*Q.* They were not?

"*A.* Yes, they were. I said, ' Yes, sir.'

"*Mr. McCurdy:* I now renew my motion to have that answer stricken from the record, and the jury instructed that they should pay no attention to it.

"*The Court:* I think I will deny the motion. (Defendant excepted.)

"*Q.* How did you feel at having that knowledge come home to you, under the circumstances there as you have related at your home?

"*Mr. McCurdy:* I object to it as incompetent and inadmissible.

"*The Court:* She may answer it. (Exception for defendant.)

"*A.* Well, I felt pretty bad over it."

Plaintiff contends that this testimony was properly received and retained, because:

"The record discloses that plaintiff had two grown-up sons, who were present in court as witnesses at the trial. These two sons were present when the neighbors came in with newspaper clippings that had been written about Manzer's debauch at the saloon, and when their father and neighbors discussed the loss of the money in the presence of their mother. Counsel for the plaintiff and defendant both referred to these young men in their argument and examination upon the trial. Before calling these young men upon the witness stand, and also to prove further the transaction at their home as related by the witness, plaintiff was asked if these two boys were present when she

heard of the transaction in Phillips' saloon.   No other use was made of this testimony, and such evidence was held competent in the case of *Lucker* v. *Liske,* 111 Mich., at page 686, citing *Filer* v. *Smith,* 102 Mich. 99.''

We understand plaintiff's counsel to mean by this either that the occurrence of the neighbors coming in with clippings to report concerning Manzer's debauch was competent evidence under the authorities cited, and that the boys' presence at the occurrence was drawn out for the purpose of identifying the transaction and calling them as witnesses later on, or that the fact that the notification was in presence of her children added to her grief, humiliation, and mortification, and so was competent as bearing upon injuries to feelings.   There is nothing in the record to indicate that the boys were present as witnesses, nor were they called as witnesses, so far as the record discloses.   Page 39 of the record, referred to by plaintiff's counsel, so far as it relates to this subject, is as follows:

'' *Q.*  You were speaking about his earning more money now than he did formerly.   You may state whether or not you haven't boys that are grown up, and assist in earning this money at the present time.

''*Mr. McCurdy:*  I object to it as incompetent, and an improper way of getting inadmissible evidence before the jury.

'' *The Court:*   I think, *in view of the cross-examination,* she may answer it.   (Exception for defendant.)

''*A.*  Yes, sir.

'' *Q.*  Are these the two boys that you speak of ?

''*A.*  Yes, sir.''

Recross-examination by Mr. McCurdy:

'' *Q.*  These two young men are 18 or 19 years old, are they ?

''*A.*  No, sir.

'' *Q.*  How old are they?'

''*A.*  One 15; the other 17.''

We do not find anything in the cross-examination of Mrs. Manzer to warrant the court's action, unless it was the answers drawn out that Mr. Manzer made a little

more money ditching than when first married, and had more jobs owing to the clearing up of the country. No reference was made in the cross-examination of Mrs. Manzer to the children, but the questions by defendant's counsel were confined entirely to her husband's earnings and business. We do not think such questions authorized the bringing in of the children, otherwise it would be competent in any case where defendant's counsel sought to inquire into the husband's earnings to show that there were children who contributed to those earnings, however slightly.

Neither do we think that it was competent to show an aggravation of the injuries to plaintiff's feelings by showing the presence of her children, when she was informed of her husband's misfortune. The difference between the children being present or absent, so far as concerns the mother's feelings, would be one of degree, and not of principle, and the rule which would admit testimony that she had children who were present would admit proof that she had children, although not present.

It has been held repeatedly by this court that testimony that plaintiff had children was inadmissible in cases of this nature. *Larzelere* v. *Kirchgessner*, 73 Mich. 276; *Johnson* v. *Schultz*, 74 Mich. 75; *Thomas* v. *Dansby*, 74 Mich. 398; *Boydan* v. *Haberstumpf*, 129 Mich. 137. In the case last cited the trial court struck out the testimony, and endeavored to cure the error in its admission in his charge; but this court, not being satisfied that the error was without prejudice, reversed the case. The fact that the testimony was introduced indirectly, instead of directly, in this case, does not alter the rule. The mischief is the same in the one case as in the other. We do not intend to intimate that the children could not have been called as witnesses to material facts in the case, or that there might not be cases in which the presence of the children would be part of the res gestæ, and so admissible, but we find nothing in this case to authorize the taking of this testimony. We should not be inclined to reverse the case for this error in view of the amount of the judgment—$300—if we were

satisfied that the verdict was not affected by the error. But we are satisfied from the testimony of the plaintiff herself that this verdict could only be awarded properly on the basis of damages for injuries to her feelings and exemplary damages, and we therefore hold the admission of this evidence to have been reversible error.

We find no error in the rulings of the court admitting evidence of Manzer's property and financial condition as showing the plaintiff's means of support. See *Weiser* v. *Welch*, 112 Mich. 134.

Defendants' counsel requested the court to charge the jury as follows:

" I charge you that plaintiff has not, under the evidence in this case, proven such a state of facts as shows that she has sustained any injury to her person, property, or means of support in consequence of the sale of any liquor to her husband by the defendants.   Therefore she cannot recover for any of those elements in this action."

The court refused this request, and submitted the question to the jury.  We think this was error.  *Radley* v. *Seider*, 99 Mich. 431.  In that case the wife testified " that her husband provided the necessary food and clothing; that he was always a good provider in those particulars; and added: 'The complaint that I made is this: That, if my husband was more saving, I would have more money left, in case he was taken off, for my support.  *  *  *  The only manner in which I considered myself damaged is by reason of his spending his money, and of his abuse to me.'"

Mr. Justice HOOKER, speaking for the court, said:

" We find no evidence, however, that she was injured in her means of support.  She expressly disavows such injury, except that resulting from prospective want in case she should survive her husband.  This is purely speculative.  She may not survive him, and, if she were sure of doing so, she could have no assurance that he would die possessed of property.  The court should have instructed the jury that there could be no recovery for injury to her means of support."

In the present case the plaintiff testified:

" *Q.* After the loss of the money, if it was lost down here, your husband continued to run the home up there and look after the property just the same as he had before that time?

"*A.* Why, yes.

" *Q.* There wasn't any difference that you could see, was there?

"*A.* We had to get along.

" *Q.* As a matter of fact, there was no difference up there after the 4th of August than there had been previous to that time, was there?

"*A.* No.

" *Q.* Your husband continued to manage the place, look after his family, and support them, just the same after that date as he had before that time, didn't he?

"*A.* Yes. * * *

" *Q.* So that the only loss that you can see whereby you were injured is, in case your husband should die before you die, there wouldn't be this $110 left for your support and maintenance, isn't that true? Your answer is 'Yes,' isn't it?

"*A.* Yes."

And again she testified—and this was her last word upon the subject:

" *Q.* Mrs. Manzer, during all of the summer, from May right up to and including the present time, your husband, Michael Manzer, has been a good provider for you, and has furnished you with necessary food and clothing, hasn't he?

" *A.* Yes, sir.

" *Q.* He has always been a good provider for you, hasn't he?

" *A.* Very good.

" *Q.* And he has been just as good from May up to the present time as he has been before, hasn't he?

"*A.* Yes, sir.

"*Q.* And he has provided you with necessary food and clothing, hasn't he, suitable to your station and condition in life?

" *A.* Yes, sir.

" *Q.* You haven't any cause of complaint to make on those grounds, have you?

" *A.* No.

" *Q.* And in these particulars—that is, as regards your clothing and your food and the necessaries of life—he has provided you with those just as well during the past summer, and from May up to the present time, as he has before; is that correct?

" *A.* Yes, sir."

Defendant also alleges that the court erred in submitting the question of exemplary damages to the jury, for the reason that there was no proof that defendants knew that Manzer had a wife, or that they had any notice not to sell to him.

The rule contended for by defendants obtained at a time when this court held that exemplary damages in this class of cases " were punitory in their character, and designed to punish the defendant for some positive wrong he had willfully inflicted upon or caused the plaintiff, or for some very gross neglect of her rights in furnishing liquor to her husband." *Larzelere* v. *Kirchgessner,* 73 Mich. 276; *Rosecrants* v. *Shoemaker,* 60 Mich. 4; *Steele* v. *Thompson,* 42 Mich. 594. This doctrine has since been repudiated by this court, and exemplary damages under the civil-damage act now fall under the general rule. *Bowden* v. *Voorheis,* 135 Mich. 648.

In *Lafler* v. *Fisher,* 121 Mich. 60, it was held that, where liquor is sold to a person known to be intoxicated, the jury would have a right to find that such sale was wanton, and therefore an occasion for exemplary damages, it not being necessary that the wrong-doer should be able to anticipate the particular injury to make him liable. Under that decision the present case was a proper case for exemplary damages, and the court committed no error in submitting the question to the jury.

For the errors indicated, the case will be reversed, and a new trial granted, with costs.

MOORE, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.