MONTROSS *v.* ALEXANDER.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE LAW—ACTION BY WIFE —EVIDENCE—MATERIALITY—PLAINTIFF'S CHILDREN.
   In an action by a wife under the civil-damage law, for damages caused by the sale of liquors to her husband, the admission of evidence that plaintiff has children is reversible error.

2. SAME—OWNERSHIP OF PROPERTY—MATERIALITY.
   The fact that plaintiff once purchased a building lot, the purpose for which she bought it, and the intention of herself and husband in relation thereto, are of doubtful materiality.

3. SAME—EFFORTS TO SETTLE CASE—THREATS—ADMISSIBILITY.
   Testimony by plaintiff respecting an interview with defendant and her husband, in which her husband insisted she should settle the case and threatened her with death if she did not, supplemented by testimony from which an inference could be drawn that defendant caused the husband to use his influence with plaintiff to induce her not to press the suit, is admissible.

4. SAME—PLAINTIFF'S HEALTH—MATERIALITY.
   The fact that plaintiff has had a stroke of paralysis, and the testimony of experts as to its connection with her troubles, may be shown.

5. SAME—NOTICE NOT TO SELL—ADMISSIBILITY.
   Testimony regarding the contents of a written notice not to sell liquor to plaintiff's husband is not admissible where the witness does not attempt to give his knowledge about the contents of the notice actually served, but states that, if he drew a notice, what the contents were, substantially.

6. SAME—PERMISSION TO SELL—REASON FOR GRANTING—ADMISSIBILITY.
   Plaintiff may show the reason for stating to another saloon keeper that he might sell her husband liquor on Saturday nights.

Error to Oakland; Smith, J. Submitted March 24, 1908. (Docket No. 54.) Decided May 1, 1908.

Case by Mary A. Montross against Hugh Alexander, impleaded with Charles Crofoot and Fred Cox, under the civil-damage act. There was judgment for plaintiff, and defendants bring error. Reversed.

*Rowland M. Connor*, for appellants.

*Rockwell & Zimmermann*, for appellee.

HOOKER, J. The plaintiff sued Alexander, a liquor dealer, and the other defendants, sureties upon his statutory bond, for damages alleged to have been caused to her by said Alexander through the sale of intoxicating liquors to her husband. She recovered a judgment for $1,610.75, damages and costs, and an appeal has been taken by said Alexander.

The questions raised upon this record relate to the subject of damages, and the claim is not made in defendant's statement of facts that the defendant was not properly found liable for some amount. Objection was made to many questions asked by plaintiff's counsel by which it is said that they obtained statements of immaterial matter which were likely to prejudice the jurors or excite an undue sympathy to defendant's injury. We have endeavored to carefully examine each of these, and feel justified in saying that in many instances there was no error committed and that some testimony admitted was harmless though perhaps immaterial. As to such we cannot discuss each one, and where some questions of general interest are not apparent we omit further reference to them.

The plaintiff was an elderly woman of high standing in the community. Her children were said to be grown at the time of the trial, though three of them lived in the same house with the parents. There was testimony that she was injured in her means of support, in her feelings, in her health, and that she was humiliated by the treatment from her husband in the presence of others of the family. When called as a witness the second question her counsel asked her was, "How many children have

you ?" and she was allowed to answer, "Six." That this was immaterial is evidenced by several of our own cases. *Larzelere* v. *Kirchgessner*, 73 Mich. 276, where a case of this kind was reversed on the ground that she was allowed to show that she had four minor children. *Boydan* v. *Haberstumpf*, 129 Mich. 137, reversed on ground that the plaintiff was permitted to state that she had a child three years old. Counsel for the plaintiff say that defendant cannot have been injured by this testimony, inasmuch as the children were all grown up at the time of the trial. In *Johnson* v. *Schultz*, 74 Mich. 75, the rule was applied where it did not appear that the children were grown, although the use sought to be made of the testimony was limited by counsel to exemplary damages. In the recent case of *Manzer* v. *Phillips*, 139 Mich. 61, the rule was applied to testimony that the plaintiff had two grown-up sons. The record in the case before us does not give the ages of these children, but three of them were living at home, including a daughter, in whose presence some of the husband's ill treatment occurred.

The plaintiff was allowed to testify also:

"I had an interest in a lot once; the lot was in the city of Pontiac and it was purchased June 20th, 1904, and I paid twenty-seven dollars on the lot, and I got the money of Mr. Montross; I sold the lot four weeks ago.

"*Q.* For what purpose was it bought?

"*Mr. Bromley:* Object to that as incompetent, immaterial and irrelevant.

"*The Court:* Take it. (Exception.)

"*A.* It was bought for a home. Mr. Montross and I in our conversation with each other in reference to this lot intended to build a house upon it for a home."

The purpose for which the plaintiff bought the lot, and the intention of the husband and herself, were of doubtful materiality.

Plaintiff was allowed to testify to an interview with Alexander and her husband shortly before the trial, when the latter insisted that she should settle the cause for $25,

and threatened her with death if she did not. This was supplemented by testimony from which an inference might be drawn that Alexander caused the husband to use his influence upon the wife to induce her not to press the cause. This testimony was admissible.

It was competent to show plaintiff's stroke of paralysis and the testimony of experts as to its connection with her troubles. We do not consider the accuracy of the hypothetical question asked, as there may be no occasion to ask it upon another trial.

We think the court erred in allowing the testimony regarding the contents of a written notice not to sell liquor to plaintiff's husband. The witness did not attempt to give his knowledge about the contents of a notice actually served, but stated that if he drew a notice, what the contents would be, substantially.

It was competent for plaintiff to show the reason for stating to another saloon keeper that he might sell her husband liquor on Saturday nights. We are constrained to reverse the judgment.

A new trial is ordered.

GRANT, C. J., and MOORE, CARPENTER, and McALVAY, JJ., concurred.