# OCTOBER TERM, 1911.

PEARSON *v.* SCHOENBERG.

1. INTOXICATING LIQUORS—JURORS—QUALIFICATION—TRIAL—VOIR DIRE.

    In a civil-damage action plaintiff was entitled to excuse for cause a member of the panel who admitted on his preliminary examination that he was opposed to some of the provisions of the liquor law.

2. SAME—TRIAL—PREJUDICE—EVIDENCE AS TO FAMILY.

    It was error to show by plaintiff that during her husband's debauch she remained alone with her infant daughter; nor was the error cured by subsequently striking out the testimony, although the jury was advised of the existence of her child by its presence in the courtroom and by certain colloquies between counsel and the court. MOORE, J., dissenting.

3. SAME—DAMAGES—CHARGE—HUSBAND AND WIFE.

    Error was committed by charging the jury that plaintiff had a right to a sober, industrious husband, to his support, and to the comfort of her home to the ability and extent of her husband to provide, upon a showing that her husband had not been sober and industrious before defendant sold him the intoxicating liquor.

4. SAME—STATUTES.

    Under 2 Comp. Laws, § 5398, plaintiff was entitled to recover what she had lost by way of support considering the relations between her and her husband at the time of the alleged sales.

Error to Muskegon; Davis, J., presiding. Submitted October 26, 1911. (Docket No. 126.) Decided November 3, 1911.

Case by Sena Pearson against Charles Schoenberg for unlawful sales of intoxicating liquors to plaintiff's hus-

band.   Judgment for plaintiff.   Defendant brings error.
Reversed.

*Stephen H. Clink,* for appellant.

*John G. Anderson,* for appellee.

BIRD, J.   The plaintiff brought this action against the
defendant to recover damages for having sold liquor to
her husband in violation of law.   From a judgment in her
favor, the defendant assigns error in this court.

Error is assigned by the defendant because the trial
court excused for cause the juror Vos.   It appeared
from his examination upon his *voir dire* that he had been
previously engaged in the saloon business, and that he
was opposed to some provisions of the present liquor laws.
Under those circumstances, we do not think the mind of
the proffered juror was in that even position in which it
ought to have been to qualify him as an impartial juror.
The trial court did not abuse his discretion in excluding
him for cause.

Complaint is also made because the fact that plaintiff
had a little daughter present in court with her was gotten
before the jury by plaintiff's counsel.   The husband of
plaintiff was a witness in her behalf and was interrogated
by her counsel as follows:

"*Q.* Who constituted your family at that time ?

" *Mr. Clink:* I object to that as incompetent.

" *The Court:* What is the purpose of that ?

" *Mr. Turner:* I don't know, if your honor please, as
that would be.

" *The Court:* Outside of the wife.   It already appears
that he had a wife.

" *Mr. Anderson:* I think that is a competent question
for this reason:   If there were any children in that fam-
ily it shows—I think that we have a right to show that;
to show why it was necessary, in part, for her to dispose
of these goods to support herself and small child.

" *The Court:* Before that is passed upon, I simply ad-
vise counsel to look at the case of Haberstumpf, decided

about four years ago by our Supreme Court, which I think will satisfy counsel upon that question.

"*Mr. Anderson:* There is no question but what the child would have an action also. It would tend to show the damage it was to her; she having to support that child during that time."

Following this, an extended colloquy over it was indulged in by the court and both counsel, and if the jury were not already fully advised of the fact they certainly were after the colloquy ended. The testimony was finally rejected, and the jury were instructed not to consider it. Later in the trial plaintiff testified that during her husband's two months' spree she stayed alone with her little child night after night. This was objected to and was subsequently stricken out upon motion of the defendant's counsel. This court has held on several occasions that the admission of such testimony was reversible error. *Larzelere* v. *Kirchgessner*, 73 Mich. 276 (41 N. W. 488); *Johnson* v. *Schultz*, 74 Mich. 75 (41 N. W. 865); *Boydan* v. *Haberstumpf*, 129 Mich. 137 (88 N. W. 386); *Manzer* v. *Phillips*, 139 Mich. 61 (102 N. W. 292); *Montross* v. *Alexander*, 152 Mich. 513 (116 N. W. 190). If these cases are to be followed, this case must be reversed. The fact that the little child with plaintiff in the courtroom was hers was as effectually gotten before the jury as though it had been proven on the witness stand. It is true the testimony first offered was rejected and the jury cautioned not to consider it, and the indirect testimony that plaintiff had a little daughter was subsequently stricken out upon motion of defendant's counsel, but we think the harm which the rule seeks to prevent was accomplished. In *Boyden* v. *Haberstumpf*, the plaintiff testified that she had children. The testimony was subsequently stricken out, but this court held that the error was not thereby cured. In *Manzer* v. *Phillips*, the fact that plaintiff had children was indirectly admitted, and on review in this court it was held to be reversible error.

167 MICH.—17.

The trial court instructed the jury that plaintiff "had the right to a sober, industrious husband; she had a right to his support, and to the comfort of her home to the ability and extent of that husband to give it to her." Exception is taken to this part of the charge, on the ground that it permitted a larger recovery than the statute does. The statute authorizing a recovery in such cases provides that:

"Every wife  *  *  *  who shall be injured in person or property or means of support, or otherwise  *  *  * shall have a right of action," etc.   Section 5398, 2 Comp. Laws.

Under this statute, the plaintiff would clearly be entitled to recover what she had been deprived of by way of support, but it would not permit her to recover for what she did not have before the illegal sales were made. If she were receiving support from a sober and industrious husband, who was contributing to her means of support to the extent of his ability, and she was deprived of it, in whole or in part, by the illegal sales of defendant, she would be entitled to recover therefor. On the other hand, if she did not have a sober, industrious husband, who was supporting her to the extent of his ability before such illegal sales were made, it could not be reasonably insisted that she had lost what she did not possess. The testimony does not show that she had such a husband before the illegal sales were made. The jury should have considered their relations as they were at the time the illegal sales were made, and from that determine what she had been injured in her means of support. *Ganssly* v. *Perkins*, 30 Mich. 492. While the trial court, in another part of the charge, correctly stated the rule, we cannot say that the jury was not misled by this erroneous instruction.

For the errors pointed out, the judgment will be reversed, and a new trial ordered.

OSTRANDER, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred with BIRD, J.

MOORE, J.   I concur with BIRD, J., in the result he has reached, but, in view of the effort of the judge to control the effect of what was said and done as to the child, I do not think the case should be reversed for that reason.