ABRAM v. BOURRIE.

1. Jury—Voir Dire—Dramshop Act—Discretion of Court.
   Refusal of trial court to permit plaintiff to ask jurors on *voir dire* whether they were willing to accept the dramshop act as the law and apply it in the case, an action under the dramshop act, *held*, not an abuse of discretion where the trial court's questions to the jurors, designed to ferret out any possible prejudices, were adequate to the task, and no juror was found to have been in the business of selling intoxicating beverages when that point was expressly covered by the court (CLS 1961, § 436.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Intoxicating Liquors § 556; 31 Am Jur, Jury §§ 136, 138, 139.

[2, 3] 30 Am Jur, Intoxicating Liquors § 556; 53 Am Jur, Trial §§ 508–510.

[4] 5 Am Jur 2d, Appeal and Error §§ 891–894.

[5] 30 Am Jur, Intoxicating Liquors §§ 540–543, 556.

2. INTOXICATING LIQUORS — INSTRUCTIONS — NEGLIGENCE — DRAM-
SHOP ACT.

Refusal of trial court to instruct jury as to what constitutes
negligence on the part of a driver, in an action which originally
joined a count in negligence against a driver with a count under
the dramshop act against 2 bar owners alleged to have furnished
alcoholic liquors to the driver when he was intoxicated, held,
not error, where the action against the driver in negligence
was settled during the trial, the trial proceeded against the
bar owners on the dramshop act count only, and the instruction
to the jury included 4 elements necessary to recover:    (1)
that the driver was intoxicated when he injured the plaintiff;
(2) that he was intoxicated when either of the defendant bar
owners sold intoxicants to him;  (3) that there was causal
connection between the unlawful sale and the injuries;  (4)
that damages resulted, and an instruction on concurrent
proximate causation (CLS 1961, § 436.22).

3. SAME—INSTRUCTIONS—DRAMSHOP    ACT—CONTRIBUTORY    NEGLI-
GENCE.

Plaintiff in action which joined count in negligence against
defendant driver with count under dramshop act against 2
bar owners alleged to have served driver after he was intoxi-
cated held, not entitled to instruction that contributory
negligence was no defense to the dramshop act count, where
the negligence count against driver was settled during the
trial, the trial proceeded against the defendant bar owners
under the dramshop act count only, and neither bar owner
had alleged contributory negligence as an affirmative defense
(CLS 1961, § 436.22).

4. APPEAL AND ERROR—INSTRUCTIONS—LAW OF CASE.

Reversal may not be had on appeal for trial court's refusal to
instruct jury on what is not the law, where the parties to the
action have not sought to establish it as the law to be applied
in the case.

5. INTOXICATING LIQUORS—INSTRUCTIONS—PROXIMATE CAUSE—CON-
CURRENT CAUSE.

Instruction to jury in action under dramshop act against bar
owners for serving driver of automobile after he was intoxi-
cated, which defined proximate cause and then went on to say
that there might be more than 1 proximate cause and that
recovery could be had against any defendant whose actions
were 1 of the efficient concurrent proximate causes of the
injury, held, not error (CLS 1961, § 436.22).

. Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 May 3, 1967, at Lansing. (Docket No. 915.) Decided November 21, 1967. Leave to appeal denied January 17, 1968. See 380 Mich 753.

Complaint by Jay Abram against Donald Hughey; Alta Bourrie, doing business as Yellow Jacket Bar; and Arnold Cocke, doing business as Arnold's Lounge, for personal injuries sustained by plaintiff when he was struck by an automobile driven by defendant Hughey, after Hughey had been served drinks in bars owned by the other 2 defendants. Claim against Hughey settled during trial, and verdict and judgment of no cause of action in favor of other 2 defendants. Plaintiff appeals. Affirmed.

*Leitson, Dean, Dean, Abram, Segar & Hart,* for plaintiff.

*Neal, Keil & Jakeway,* for defendants.

Lesinski, C. J. Plaintiff appeals from judgment entered on a jury verdict of no cause of action and the subsequent denial of his motion for a new trial.

Plaintiff's injuries which led to this litigation were sustained December 22, 1962, at 3 a.m. At that time, plaintiff was walking on the shoulder of Dort highway, Flint, Michigan, and was struck by an automobile driven by Donald Hughey, one of the original three defendants in the trial court. Plaintiff brought action to recover damages for the resultant injuries against said driver on a negligence theory and he also named as defendants the owners of two bars[1] from whom he sought recovery under the dramshop act.[2] In his pleadings, defendant

---

[1] Alta Bourrie, doing business as Yellow Jacket Bar, and Arnold Cocke, doing business as Arnold's Lounge.
[2] CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993). The pertinent portion thereof reads:

Hughey raised the issue of plaintiff's contributory negligence as an affirmative defense to plaintiff's cause of action against him.

During a recess taken in the course of the trial, the plaintiff and defendant Hughey entered into a settlement agreement. When the jury returned, the court informed the members thereof that the issues between the plaintiff and the last-mentioned defendant had been resolved, and that the case would continue against the two bars. Thus, the verdict of no cause of action, which followed the jury deliberation, upon which judgment was entered, involved only the defendant tavern owners.

To support his contention that reversal and a new trial are mandated by court errors below, the plaintiff assigns four errors for appellate consideration.

Plaintiff's first allegation raises the issue of whether the trial court's refusal on *voir dire* to permit him to ask the jurors his question number 15[3] was an abuse of discretion necessitating re-

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid."

[3] "It is the law of the State of Michigan, in its regulation of the sale and dispensing of alcoholic beverages, to place civil liability for the consequences of unlawful sales on the licensed sellers of intoxicants. In other words, if a person is injured by an intoxicated person by reason of unlawful selling or giving or furnishing to such person any intoxicating liquor, then the injured person shall have a right of action against any person who caused or contributed to the intoxication of said person. Jay Abram was injured by defendant Donald Hughey who we claim was under the influence of intoxicants; and it is the contention of Jay Abram that Donald Hughey was furnished intoxicants illegally in that there was an unlawful selling or furnishing of beer to Donald Hughey, and he in this action is asking for damages against the vendors and as the sellers of the alcoholic beverages to Mr. Hughey. That is the law of Michigan,

versal, because said denial prejudiced plaintiff's right to trial before an impartial jury. As will be noted from a reading of this question set forth in the margin, plaintiff sought to employ it to inquire as to whether these jurors were willing to accept the dramshop act as the law and to apply this law in the instant case.

Plaintiff refers this Court to the discussion of *voir dire* questions in Mr. Justice Souris' dissenting opinion in *Bunda* v. *Hardwick* (1965), 376 Mich 640, 656–663. Nothing in that thorough dissertation gives force to plaintiff's arguments here. In *Bunda,* the disputed question was asked of the jurors. It related to their feelings in regard to large verdicts. It did not ask them if they would accept a given statute as the law and apply it.

The other authority relied upon by plaintiff on this question is *Pearson* v. *Schoenberg* (1911), 167 Mich 255, 256, wherein the Court found no abuse of discretion in the excusal by the trial court of a named juror.

"It appeared from his examination upon his *voir dire* that he had been previously engaged in the saloon business, and that he was opposed to some provisions of the present liquor laws."

In the instant case, the court's *voir dire* questions designed to ferret out any possible prejudice in this area were adequate to the task.

"*The Court.* This is primarily an action under the dramshop act, or what is commonly known as the saloonkeeper's act.

"Do any of you belong to any organizations that have as their primary purpose the discouragement of the use of alcoholic beverages?

"*Jury Panel.* (No audible response.)

---

and Jay Abram is here pursuant to that law; and I would like to ask each of you members of the jury whether you are willing to accept this as the law and apply it in this case?"

*"The Court.* Do any of you have any preconceived notions or bias, or prejudice against anyone who either drinks intoxicants or anyone who sells them?

*"Jury Panel.* (No audible response.)

*"The Court.* Have any of you or your immediate members of your family ever been involved in litigation of this type, either as a plaintiff or a defendant?

*"Jury Panel.* (No audible response.)

*"The Court.* Are any of you regular patrons of either one of the bars I have mentioned, the Yellow Jacket Bar or Arnold's Lounge?

*"Jury Panel.* (No audible response.)

*"The Court.* Are any of you or any members of your family engaged in the business of selling intoxicating beverages either as a licensed dispenser or an employee, anything of that nature?

*"Jury Panel.* (No audible response.)

*"The Court.* Do any of you know any reason why you could not sit fairly and impartially in this dispute?

*"Jury Panel.* (No audible response.)

*Pearson, supra,* is not helpful to the plaintiff's theory. In the case at bar, no juror was found to have been in the business of selling intoxicating beverages when that point was expressly covered by the court. We find no abuse of discretion.

By his second assignment of error, plaintiff seeks to have this Court determine that he was entitled to a jury instruction as to what constitutes negligence on the part of the driver, in order to prove that an alleged sale of alcohol to said driver contributed to plaintiff's injury. Plaintiff cites a portion of an instruction approved by the Court in *Heikkala* v. *Isaacson* (1913), 178 Mich 176, 178, to substantiate his claim.

" 'The plaintiff is not required to prove, and you should not speculate upon the probabilities, whether

intoxication was the natural cause of the act which caused the injury. *The act itself by a person intoxicated, to whom liquor had been sold after his intoxication, fixed the liability for the damage upon the person furnishing the liquor which caused or contributed to the intoxication.'*" (Emphasis supplied.)

A comparison of the *Heikkala* instruction and the one given by the trial court reveals no conflict. The judge here said:

"Now, under these statutes, and with these rules in mind, the elements which the plaintiff must prove and convince you by a preponderance of the evidence in order to recover are, 1, that Mr. Hughey was intoxicated when he injured the plaintiff; 2, that he was intoxicated when either Arnold's Bar or the Yellow Jacket Bar sold intoxicants to him; 3, that there was a causal connection between the unlawful sale and the injuries—and I will have more to say about that later; 4, that damages resulted. * * *

"On the matter of causation I should give you further instruction. I should instruct you that the definition of proximate cause, which I have given, does not mean that the law seeks and recognizes only one proximate cause of an injury consisting of only one factor or element or circumstance. On the contrary, the acts or omissions of one or more persons may work concurrently as the efficient cause of an injury; and, in such case, each of the participating causes or omissions is regarded, in law, as a proximate cause. This is true even though one party may have contributed more to the accident than the other. The important question is whether the conduct of each of the defendants contributed in some degree toward the happening of the incident.

"I instruct you further in this regard that where several causes producing an injury are concurrent, and each is an efficient cause, without which the injury would not have happened, the injury may be

attributed to any or all of the causes, and recovery may be had against any or all of the responsible persons, even though one was more to blame than the other one."

Further, we note that once the action against the defendant driver was dismissed, the language of *Long* v. *Dudewicz* (1959), 355 Mich 469, 477, becomes applicable:

"This action is not brought upon the theory of negligence, nor upon the statutory duty of the driver of an automobile to drive in such a manner as to be able to stop within the assured clear distance ahead, but, rather, brought under CLS 1956, § 436.22 (Stat Ann 1957 Rev § 18.993), which places a duty upon a retailer of alcoholic liquor not to directly or indirectly sell, furnish, give or deliver any alcoholic liquor to an adult person who is at the time intoxicated."

The negligence of the defendant driver was no longer at issue. Plaintiff was not entitled to the instruction he requested. Hence its omission is not ground for reversal.

Plaintiff's third contention on appeal also involves a proposed instruction which plaintiff alleges to have been erroneously refused. Here plaintiff argues that he was entitled to an instruction that plaintiff's contributory negligence, if any, is not a bar to recovery under the dramshop act. There is no dispute as to the law encompassed in this proposed instruction. Neither tavernkeeper alleged contributory negligence as an affirmative defense. This issue was raised only by the driver defendant who was, at this point in time, no longer a party to the lawsuit.

Plaintiff again refers to *Heikkala, supra,* for authority. In *Heikkala,* the plaintiff brought action only against the saloonkeeper and his surety. On

appeal these defendants contended that the plaintiff had no cause of action because there was testimony tending to show that he himself was intoxicated (as well as the third party who inflicted the injuries). The Court held that there was no error in charging the jury that the claimed intoxication of the plaintiff had no bearing in the case, except upon the weight to be given his testimony.

Since the defendants who remained in the lawsuit did not urge an affirmative defense which in good faith was not available to them, no instruction was necessary to eliminate the nonexistent. A reading of the above-quoted portions of the instructions shows that the jury was given the applicable law. We know of no rule requiring reversal where the court refuses to instruct on what is not the law where the parties to the action have not sought to establish it as the law to be applied in the case.

In plaintiff's fourth and final assignment of error, he questions the proximate cause instruction given by the court. Plaintiff labels it "confusing and misleading." This instruction was set forth and examined in the context of the second issue on appeal and we find that neither denomination fairly describes the instruction given. Accordingly, it furnishes no ground for reversal.

Affirmed. Costs to appellee.

QUINN and GILMORE, JJ., concurred.