GREENE *v.* RICHER.

1. AUTOMOBILES—AUTHORITY OF DRIVER.

   Questions of authority of driver of car to use it and whether or not he was working for owner at time of injuring plaintiff's decedent *held*, properly for jury under evidence presented.

2. SAME — CONTRIBUTORY NEGLIGENCE — INTOXICATION — PROXIMATE CAUSE.

   Under conflicting evidence as to intoxication of plaintiff's decedent, a pedestrian fatally injured by defendant's automobile, and, even if he were intoxicated, absence of showing it was a contributing cause of the accident, the leaving of the question of contributory negligence to jury under fair charge *held*, not error.

3. DEATH—SURVIVAL ACT—CHILDREN—PARTIES—EVIDENCE.

   In action under survival act for fatal injuries sustained by plaintiff's decedent, decedent's children are not parties and evidence as to his family is immaterial and inadmissible (3 Comp. Laws 1929, §§ 14040–14060).

4. APPEAL AND ERROR—CURING ERROR—FINDING OF COURT—SIZE OF VERDICT—SURVIVAL ACT—REFERENCE TO CHILDREN.

   In action under survival act for death of plaintiff's decedent, who left a widow and four children, presence of family and other children in court room and various unsuccessful attempts of plaintiff's counsel to present matter of family to jury in opening statement, questions asked witnesses and argument at close of case *held*, not reversible error in view of vigilance of trial judge in excluding answers·to such questions and striking improper remarks from argument and assertion of plaintiff's counsel he did not want sympathy and fact that verdict was but $3,600 for man who earned $75 a month as common laborer and died two days after the accident (3 Comp. Laws 1929, §§ 14040–14060).

* Continued from Vol. 277.

Appeal from Delta; Bell (Frank A.), J. Submitted October 22, 1936. (Docket No. 130, Calendar No. 39,233.) Decided December 8, 1936.

Case by Leland J. Greene, administrator of the estate of Edward Dubord, deceased, against Walter Richer, individually and doing business as Delta County Bottling Works, for fatal injuries suffered by decedent when struck by an automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*McGinn & Kueber,* for plaintiff.

*T. J. Rushton,* for defendant.

BUTZEL, J. Plaintiff, as administrator of the estate of Edward Dubord, deceased, brought suit against Walter Richer, doing business as the Delta County Bottling Works, at Escanaba, Michigan. On October 10, 1935, a customer of defendant required a quarter barrel of beer. Vincent Corcoran, who had previously done some work for defendant, was present at the latter's establishment. As no beer was on hand at the time, Corcoran went to the Johnson Tavern and obtained a temporary loan of the beer. Later in the afternoon after a quantity of beer had been delivered to defendant's place of business, Corcoran undertook to return the quarter barrel to the Johnson Tavern. He left defendant's place of business about 6 o'clock in the evening. He used defendant's old motor car which had defective brakes and no headlights although it had parking lights. While driving at the rate of about 30 miles an hour along Stephenson avenue, which had a width of a little over 56 feet, Corcoran, in order to pass a

car in front of him, drove to the left of the center of the street. It had become very dark at this particular point and the car ran into Edward Dubord and inflicted such severe injuries as to cause his death two days later.

Defendant offered testimony showing that at the time of the accident Corcoran was not in his employ; that he had no right or business to take the car; that, at most, he was an interloper and that the car was not only driven without defendant's consent, but contrary to his express orders. There was testimony, however, that in a written statement made immediately after the accident, Corcoran stated he was working for defendant, also that defendant had acknowledged that Corcoran was working for him at the time of the accident and had permission to use the car. The question was properly one for the jury.

It is claimed that plaintiff's decedent was guilty of contributory negligence; that he was addicted to the excessive use of liquor; that twice he had been confined to an institution on that account and that an unopened bottle of liquor was found on his person at the time of the accident; that the odor of liquor was detected on his breath when he was brought to the hospital; that he was intoxicated on the day of the accident. Other testimony indicated that there was no evidence of intoxication immediately after the accident. There were no eyewitnesses of the accident except the driver and even if decedent had been under the influence of liquor, there was no showing that such intoxication was a contributing cause of the accident. At the time of the accident, decedent was not working, but he expected to go to work the following day. He had been working quite regularly when work was to be had and earned $75 a month and sometimes slightly more as a common

laborer. The question of contributory negligence was left to the jury under a very fair charge. Plaintiff recovered a verdict and judgment of $3,600.

Appellant contends that the verdict should be set aside because the attorney for plaintiff referred to the children of plaintiff's decedent after the court had expressly excluded such a reference. It was further claimed on a motion for a new trial that plaintiff's attorney placed four children of plaintiff's decedent together with three other children borrowed from neighbors behind the rail in the courtroom and in the closing argument to the jury, referred to them as wards of the State of Michigan, thereby bringing to the jury's attention indirectly what it is claimed he had attempted to do directly. The parties agree that under the survival act (3 Comp. Laws 1929, §§ 14040–14060), children are not parties to the action and that evidence as to decedent's family is immaterial and inadmissible. *Boydan* v. *Haberstumpf*, 129 Mich. 137; *Olivier* v. *Railway Co.*, 138 Mich. 242; *Manzer* v. *Phillips*, 139 Mich. 61; *Rauhala* v. *Maki*, 172 Mich. 112; *Pearson* v. *Schoenberg*, 167 Mich. 255.

In his opening statement, plaintiff's attorney referred to the fact that decedent had seven children and a wife living at the time of his death and that plaintiff was seeking a verdict of $10,000. These remarks were not objected to. On direct examination, however, plaintiff's attorney asked whether decedent left any children and upon objection by Mr. Rushton, defendant's counsel, the court promptly ruled that the question was improper. The widow of plaintiff's decedent appeared, however, as defendant's witness, and on direct examination by Mr. Rushton testified that decedent mistreated his family and used more

liquor than was proper for a man who had a family. Plaintiff's attorney, on cross-examination, asked the widow how many children decedent had and on objection by defendant's attorney, the court properly instructed the witness not to answer the question.

On motion for a new trial, the court's attention was called for the first time to the presence of the children in the courtroom. Mr. Rushton stated that he did not know of their presence until after the trial. In addressing the jury, plaintiff's attorney spoke of an alleged release which, though not introduced, was evidently referred to in the previous argument of Mr. Rushton. Plaintiff's attorney said:

"Mr. Richer said he went to see Mr. Miller and got a statement, a release, and now he doesn't know where it is. * * * Then he comes in and Mr. Rushton says he is a big-hearted man for doing that. There are a lot of people in the State of Michigan. We are wards of the State of Michigan in one way or another. These young people have to be taken care of."

Mr. Rushton immediately objected to the argument and the court thereupon asked plaintiff's attorney:

"What about young people?"

The court not only ordered the statement stricken, but especially called attention to its impropriety. Thereupon plaintiff's counsel stated that he would withdraw the remark, that the widow was not the plaintiff and had nothing to do with the case; that the administrator alone was bringing the suit and nothing was asked for anyone else. He also stated that he did not want sympathy, and only asked a reasonable sum for the suffering and whatever moneys decedent would have earned had he lived;

that if the estate was not entitled to anything, plaintiff would be satisfied. The judge in denying the motion for a new trial stated that he did not believe that the jury was prejudiced by the remarks in view of the small size of the verdict and that had the case been tried by the judge alone without a jury, he would not have awarded a less amount.

In view of the size of the verdict and efforts of court and counsel to eradicate what otherwise might have become a serious and reversible error, we are constrained to accept the finding of the circuit judge on the motion for a new trial. He was in a better position to determine what effect, if any, the remarks had on the jury.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.