# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 20, 2017

v

No. 332239
Wayne Circuit Court
LC No. 15-009977-01-FC

FREDRICK LAMAR ENGLISH, also known as
FREDERICK ENGLISH, also known as
FREDERICK ENGLAND,

Defendant-Appellant.

Before: MURPHY, P.J., TALBOT, C.J., and O'CONNELL, J.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced, as a third-offense habitual offender, MCL 769.11, to 40 months to 8 years' imprisonment for the firearm-discharge conviction, to a concurrent prison term of 40 months to 10 years for the felon-in-possession conviction, and to two years' imprisonment for the felony-firearm conviction, which is to be served consecutively and prior to the other sentences. We affirm.

Defendant argues that there was insufficient evidence to prove beyond a reasonable doubt that he was the perpetrator of the shooting, given that the testimony of the only witness who identified him as the shooter was not competent or credible, as it conflicted with other evidence and her own testimony.[1] "[I]dentity is an element of every offense." *People v Yost*, 278 Mich

---

[1] We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their

-1-

App 341, 356; 749 NW2d 753 (2008). A prosecutor must prove beyond a reasonable doubt the defendant's identity as the perpetrator of a crime, which "may be shown by either direct testimony or circumstantial evidence[.]" *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). "[P]ositive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Further, "[t]he credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Id.*

Here, there was indisputable evidence that someone discharged a shotgun multiple times, striking the house where the challenged witness and her fiancé resided, hitting a neighboring home, shattering the window of a vehicle, and injuring the witness's fiancé in the neck and temple. The witness, who is the maternal grandmother of defendant's children and was personally familiar with defendant for seven to eight years, testified that, from the vantage point of an upstairs bedroom window of her home, she observed defendant holding a long gun and shooting the firearm at the house and at a vehicle. The witness had "no doubt" that it was defendant and that he had a gun. Defendant had engaged in a physical altercation with the witness's fiancé earlier in the day, with the fiancé brandishing a gun and then firing it into the air as a warning. The fiancé testified that defendant called him some months after the shooting that gave rise to the charges in this case, stating to the fiancé that "[i]t didn't have to be that way." The police eventually arrested defendant after they captured him attempting to escape out of the second-floor window of a hotel bathroom, at which point defendant provided the police with a fake name and birthdate.

Although there may have been some inconsistencies between the witness's testimony and other evidence that was presented and some internal inconsistencies in the witness's own testimony, she was always adamant that it was defendant, a person she had known for several years, who arrived at her home carrying a long gun and who then discharged the weapon. The inconsistencies went to the issues of the witness's credibility and the weight to be given her testimony, which were for the jury to assess, not this panel on appeal. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992); *Davis*, 241 Mich App at 700. The inconsistencies were not of such a nature that the witness's identification testimony could be deemed wholly incompetent or incredible. Moreover, there was circumstantial evidence suggesting that defendant was the shooter. The altercation earlier in the day with the witness's fiancé that itself involved a shooting provided defendant with a motive, i.e., retaliation, and defendant's conduct in attempting to evade the police and his phone call to the fiancé reflected a consciousness of guilt. See *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014). In sum, there was

_____

testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

sufficient evidence for a rational juror to conclude beyond a reasonable doubt that defendant was indeed the shooter, thereby supporting each of the three firearm-related convictions.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Talbot
/s/ Peter D. O'Connell